**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0654n.06

No. 10-6389

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**

*Jun 20, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| JIMMY D. CORNETT, aka Jimmy D. | ) | DISTRICT OF KENTUCKY |
| Cornette, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: BOGGS and GRIFFIN, Circuit Judges; BARZILAY, District Judge.[*]

PER CURIAM. Jimmy D. Cornett, a federal prisoner, appeals the district court judgment in his criminal case. We affirm. On August 12, 2009, a citizen reported to the police that he had seen his trailer camper, which had been stolen one week earlier, in Cornett's backyard. The police went to Cornett's home to investigate. Cornett was outside in the yard and his co-defendant was sitting in a wheelchair next to the camper. The co-defendant was being sought by the police after absconding from home confinement. Cornett admitted that he had run an electrical cord from the house to the camper. While attempting to identify the camper, the police discovered evidence of methamphetamine production and a rifle inside. A search warrant was obtained for the house on the property and the ensuing search revealed the presence of a shotgun. Checks with local stores showed

---

[*]The Honorable Judith M. Barzilay, Senior Judge for the United States Court of International Trade, sitting by designation.

that Cornett and his co-defendant had purchased Sudafed numerous times in the months before their arrest, including one occasion when they both purchased Sudafed from a pharmacy within thirty minutes of each other. The Sudafed was consistent with the ephedrine product used in the manufacturing operation that the police discovered on Cornett's property.

Cornett was charged with conspiracy to manufacture methamphetamine, aiding and abetting the manufacture of methamphetamine, aiding and abetting the possession of equipment to manufacture methamphetamine, possession of a firearm in furtherance of a drug-trafficking crime, and two counts of possession of a firearm by a felon. The co-defendant entered a guilty plea to some of the charges, while Cornett proceeded to a trial. The jury found him guilty on all six counts. However, the trial court granted in part a motion for directed verdict, overturning the convictions for possession of the rifle in the camper in furtherance of a drug-trafficking crime and possession of the rifle by a felon. After a remand from this court, the district court sentenced Cornett to ninety-seven months of imprisonment.

Cornett argues that the trial court erred in denying in part his motion for a directed verdict because there was insufficient evidence of the manufacture of methamphetamine. He argues that there was no evidence that he planned to distribute the methamphetamine or that the methamphetamine was manufactured in the camper while it was on his property.

The standard of review of a denial of a motion for acquittal is the same as that for sufficiency of the evidence. *United States v. Abner*, 35 F.3d 251, 253 (6th Cir. 1994). When addressing an argument of insufficiency of the evidence, we determine whether, after reviewing "the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential

elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Contrary to Cornett's argument, the offense of manufacturing drugs does not require proof of an

intent to distribute. *United States v. Miller*, 870 F.2d 1067, 1071 (6th Cir. 1989). Moreover, it was

not necessary to establish that the methamphetamine had been manufactured on Cornett's property.

There was sufficient evidence for a rational trier of fact to conclude that Cornett and his co-defendant

conspired together and aided and abetted each other in manufacturing methamphetamine.

Accordingly, we affirm the district court's judgment.